```
LARS T. FULLER (NO. 141270)
SAM THAERIAN (NO. 170953)
THE FULLER LAW FIRM
60 No. Keeble Ave.
SAN JOSE, CA 95126
Tel:(408)295-5595
Fax:(408)295-9852

Attorney for Plaintiff
TONY QUINCY
```

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In Re:<br><br>    Tony C. Quincy<br><br>        Debtor(s)<br>_____<br>Tony C. Quincy<br><br>        Plaintiff(s),<br><br>    vs.<br><br>No Credit Check Auto Sales, Inc.; Fidelity Creditor Services, Inc., DBA Metropolitan Adjustment Bureau<br><br>        Defendant(s)<br>_____ | Case No.: 09-42119-RJN13<br>Adv. No.:<br><br>CHAPTER 13<br><br>**COMPLAINT TO RECOVER FUNDS SEIZED 11 USC 547(B) AND FOR CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY** |

Comes Now Plaintiff Tony C. Quincy AKA Tony Quincy,

Debtor/Plaintiff in the above-captioned matter and alleges as

COMPLAINT TO RECOVER FUNDS AND FOR CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY - 1

Case: 09-04179    Doc# 1    Filed: 04/17/09    Entered: 04/17/09 11:21:53    Page 1 of 5

follows:

**GENERAL ALLEGATIONS**

1. Plaintiff commenced Case No. 09-42119-RJN13 by filing a voluntary Chapter 13 petition in the United States Bankruptcy Court for the Northern District of California, Oakland Division on or about March 18, 2009.

2. This is an adversary proceeding to recover funds seized, pursuant to a levy, from Plaintiff's bank account on January 23, 2009. It is also an adversary proceeding for contempt for willful violation of the automatic stay under 11 USC §362.

3. This Court has jurisdiction to hear these proceedings pursuant to 28 USC § 1334. This is a core proceeding pursuant to 28 USC §157 because it involves substantive rights of the debtor.

4. Plaintiff is informed and believes that defendant No Credit Check Auto Sales is a corporation which does business in the United States and in this District.

5. Plaintiff is informed and believes that defendant Fidelity Creditor Services, Inc., is a Corporation which does business in the United States and in this District as Metropolitan Adjustment Bureau.

6. On or about January 23, 2009, pursuant to a judgment, defendants, acting as agents, assignees, successors in interest

of each other, levied Debtor's bank account, obtaining $6,308.09.

7. This levy was for an antecedent debt, and within 90 days of the filing of the bankruptcy petition herein.

8. Pursuant to 11 U.S.C. §547(b) this debt is recoverable.

9. On March 20, and again, on April 10, Plaintiff, by and through his counsel, communicated with defendants and/or its agents, and demanded that they return said funds. Defendants have willfully refused to do so.

10. Fidelity Creditor Services, Inc. was scheduled as a creditor and received notice of Debtor's Bankruptcy filing.

11. Notwithstanding notice and notwithstanding the automatic stay under 11 USC §362, on March 25, 2009 Metropolitan Adjustment Bureau, as agent for Defendant No Credit Check Auto Sales, Inc., again caused to be issued a levy against Plaintiff's Wells Fargo Bank deposit accounts and safe deposit contents. Though no funds were available for taking, Plaintiff was assessed a bank charge in excess of $97.

**FIRST CAUSE OF ACTION**

**(Against No Credit Check Auto Sales, Inc.)**

12. Plaintiff re-alleges as though fully set forth herein the allegations set forth in paragraph 1 through 11, inclusive above.

13. On or about January 23, 2009, pursuant to a judgment, defendant No Credit Check Auto Sales, Inc. levied Debtor's bank account, obtaining $6,308.09.

14. This levy was for an antecedent debt, and within 90 days of the filing of the bankruptcy petition herein.

15. Pursuant to 11 U.S.C. §547(b) this debt is recoverable.

**SECOND CAUSE OF ACTION**
(Against No Credit Check Auto Sales, Inc.
and
Fidelity Creditor Services, Inc.)

16. Plaintiff re-alleges as though fully set forth herein the allegations set forth in paragraph 1 through 15, inclusive above.

17. Defendants had actual notice of Debtor's bankruptcy filing from the Clerk of the Court.

18. Defendants had notice by letter from Debtor's counsel regarding debtor's bankruptcy filing.

19. Notwithstanding 11 USC §362, Defendants have proceeded with their collection activities against Debtor.

WHEREFORE, Plaintiff prays for judgment as follows:

a. Against No Credit Check Auto Sales, Inc. for turnover of $6,308.09 to the debtor of funds collected within 90 days of the filing of the petition; and

b. Against Defendants No Credit Check Auto Sales, Inc. and Fidelity Creditor Services, Inc. for $97.00 bank fees,

c.  Against Defendants No Credit Check Auto Sales, Inc. and Fidelity Creditor Services, Inc. punitive damages for willful violation of the automatic stay;

d.  An order enjoining all defendants from seizing, levying, attaching, or in any way interfering with property rights of Debtor, or in any other way attempting to collect pre-judgment debts of Debtor;

e.  For the costs and attorney fees incurred in bringing this action;

f.  For such other and further relief as the Court may find proper.

April 16, 2009

THE FULLER LAW FIRM

By:/s/*Lars T. Fuller*
Lars T. Fuller
Attorney for Plaintiff/Debtor